**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JAY MITCHELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.** _____ |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC, HERITAGE** ) | |
| **COMMUNITY BANK,** ) | |
| ) | **JURY DEMAND REQUESTED** |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff, Jay Mitchell, by and through his undersigned counsel, brings the following Complaint against Defendants and states as follows:

## JURISDICTION AND VENUE

1.  Plaintiff brings this action for actual, statutory and punitive damages, costs, and attorneys' fees pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against Defendants, Heritage Community Bank and Equifax Information Services, LLC.

2.  Plaintiff invokes the jurisdiction of this Court pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper under 28 U.S.C. § 1391(b) because Defendant Equifax

resides in the Northern District of Georgia, and the conduct and actions forming the

basis of this lawsuit were substantially committed in this district.

## PARTIES

4.      Plaintiff Jay Mitchell is an adult citizen over the age of nineteen years who

resides in Blythewood, South Carolina.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6.      Defendant Heritage Community Bank (hereinafter "Heritage") is a

corporation formed and headquartered in Greeneville, Tennessee.

7.      As part of its business, Heritage furnishes consumer credit information to

credit reporting agencies such as Defendant, Equifax Information Services.

8.      Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a

corporation formed in the state of Georgia with its principal place of business in

Atlanta, Georgia.

9.      Equifax is a nationwide consumer reporting agency as defined by 15 U.S.C.

§ 1681a(f).

10.     Equifax is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers, such as Plaintiff, for the purpose of

furnishing consumer reports, as defined by 15 U.S.C. § 1681a(f), to third parties for

monetary compensation.

## STATEMENT OF FACTS

11.     On June 1, 2015, Plaintiff filed a voluntary Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Southern District of Mississippi.

12.     Plaintiff listed all creditors in his bankruptcy petition, including a mortgage loan with Defendant Heritage.

13.     On September 16, 2019, the Court ordered that Plaintiff was entitled to a discharge of debts, including Plaintiff's debt with Heritage.  Plaintiff did not reaffirm his debt with Heritage and no longer owed a balance on the debt at issue.

14.     Heritage is listed as a Notice Recipient of the bankruptcy discharge and was served notice of Plaintiff's discharge of debts.

15.     After discharge, Equifax continued to inaccurately report Plaintiff's debt with Heritage, as the credit report showed that Plaintiff still owed a balance on the discharged Heritage debt as of September 10, 2020.

16.     Accordingly, on September 25, 2020, Plaintiff sent Equifax a certified letter along with supporting documentation disputing the inaccurate reporting.  The certified mail receipt reflects that Equifax received Plaintiff's dispute letter and request for a correct and updated copy of his credit report on the same day.

17.     On October 20, 2020, Equifax sent its dispute results to Plaintiff and included a new credit report showing his loan with Heritage had a $0 account balance on all associated accounts.  The inaccuracy appeared to be corrected.

18.     As a follow-up, Plaintiff accessed his credit report from Equifax again on April 19, 2021.   However, Equifax had reinserted information showing that Plaintiff's mortgage loan with Heritage had a balance of $34,878, which is inaccurate.

19.     Equifax never informed Plaintiff that the disputed information had been reinserted on his credit report.

20.     Despite Plaintiff's dispute and the evidence provided to Equifax, the inaccurate information regarding the Heritage account is still being reported on Plaintiff's credit report.

21.     Meanwhile, since Equifax reinserted the negative and inaccurate information, Plaintiff has been denied approval for two credit cards.

### *Defendants have violated the FCRA*

22.     Equifax failed to maintain and follow reasonable procedures to ensure maximum accuracy of Plaintiff's credit report concerning the discharged mortgage loan with Heritage.

23.     Equifax also failed to inform Plaintiff that the disputed information at issue had been reinserted on his credit report.

24.     Defendant Heritage, after receiving notice of the dispute from Equifax, failed to modify, delete or permanently block the incorrect information from being

4

furnished to Equifax, as evidenced by the fact that Heritage allowed the inaccurate

information to continue to be communicated to Equifax.

25.     This inaccurate information negatively reflects on Plaintiff, his financial

responsibility as a debtor, and his credit worthiness.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, *et seq.* AS TO DEFENDANT EQUIFAX

26.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

27.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow

reasonable procedures to ensure maximum possible accuracy in preparing the credit

report and credit files it publishes and maintains concerning Plaintiff.

28.     Equifax also violated 15 U.S.C. § 1681i(a)(5)(B) by failing to notify Plaintiff

of the reinsertion in writing not later than 5 business days after the reinsertion.  In

fact, Equifax never notified Plaintiff of the reinsertion at any time or in any form

whatsoever.

29.     As a result of this wrongful conduct, action, and inaction, Equifax has caused

Plaintiff to suffer damages including but not limited to loss of credit, denial of credit,

loss of the ability to purchase and benefit from credit, time and money spent

disputing the inaccurate information, as well as mental and emotional pain and anguish, humiliation, damage to reputation, and frustration.

30.    Equifax's conduct was willful, rendering liability for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

31.    WHEREFORE, PREMISES CONSIDERED, Plaintiff claims damages against Equifax in actual, statutory, compensatory, and punitive damages, plus interests, costs, reasonable attorneys' fees and any such other and further relief as this Court deems proper and/or necessary pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
## VIOLATION OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681 *et seq.* AS TO DEFENDANT HERITAGE

32.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.    Defendant Heritage violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish the alleged account, by failing to correctly report results of an accurate investigation to all credit reporting agencies, by failing to permanently and lawfully correct its own internal records or modify, delete or permanently block the negative information to prevent the re-reporting of Heritage's representations made to the consumer reporting agencies.

34.    As a result of this wrongful conduct, action, and inaction, Heritage caused

Plaintiff to suffer damages including but not limited to loss of credit, denial of credit,

loss of the ability to purchase and benefit from credit, time and money spent

disputing the inaccurate information, as well as mental and emotional pain and

anguish, humiliation, damage to reputation, and frustration.

35.    Heritage's conduct, action, and inaction were willful, rendering liability for

punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §

1681n.  In the alternative, Heritage was negligent, entitling Plaintiff to recover under

15 U.S.C. § 1681o.

36.    WHEREFORE, PREMISES CONSIDERED, Plaintiff claims damages

against Heritage in actual, statutory, compensatory, and punitive damages, plus

interests, costs, reasonable attorneys' fees and any such other and further relief as

this Court deems proper and/or necessary pursuant to 15 U.S.C. § 1681n and/or §

1681o.


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS.**


Dated this 30th day of June, 2021.

Respectfully Submitted,


/s/ Rodney E. Miller
Rodney E. Miller
Georgia Bar No. 779467
*Attorney for Plaintiff*

**OF COUNSEL:**

**METHVIN, TERRELL, YANCEY,**
**STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone:  (205) 939-0199
Facsimile:   (205) 939-0399
rmiller@mtattorneys.com


**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL:**

**HERITAGE COMMUNITY BANK**
c/o Carl Thomas Burns, Jr.
114 W. Church St.
Greeneville, TN 37745-3804

**EQUIFAX INFORMATION SERVICES, LLC**
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092